**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Shafii SHAIBU, Defendant–Appellant.**

No. 88–5367.

United States Court of Appeals,
Ninth Circuit.

Sept. 6, 1990.

Before BROWNING, FERGUSON and REINHARDT, Circuit Judges.

## 1194

### ORDER

The opinion filed February 14, 1990 (895 F.2d 1291 (9th Cir.1990)), is amended as follows. On page 1293, at the conclusion of Section II ("Standard of Review"), following the citation *"United States v. Pulido–Baquerizo,* 800 F.2d 899, 901 (9th Cir. 1986)," insert a footnote, the text of the footnote to read:

> *Pulido–Baquerizo* is not inconsistent with the Ninth Circuit cases cited by the government in its petition for rehearing: *United States v. Kaplan,* 895 F.2d 618 (9th Cir.1990); *United States v. Lindsay,* 877 F.2d 777 (9th Cir.1989); *United States v. Castillo,* 866 F.2d 1071 (9th Cir.1988); *United States v. Licata,* 761 F.2d 537 (9th Cir.1985). Each of those cases involved the *voluntariness* of a manifestation of consent. Here, voluntariness is not at issue. Rather, the question is whether consent may properly be inferred from certain undisputed conduct. The cases we have discussed in the text make it clear that the undisputed conduct here involved was not such as can support a finding of consent, let alone the district court's unique determination of an "implicit invitation." Also, as we have noted in the text, *United States v. Gilbert,* 774 F.2d 962 (9th Cir. 1985), involved an affirmative request by the defendant; it uses the term "implied consent" in an entirely different sense, and is not pertinent here. Moreover, even were we to examine the district court's conclusion under a "clearly erroneous" standard, we would reach the same result.